IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00532-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KATHLEEN MCCALIB,

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through Daniel E. Burrows, Special Assistant U.S. Attorney for the District of Colorado, and Defendant, Kathleen McCalib, personally and by counsel, Marc Milavitz, submit the following plea agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

1. *Defendant's Obligations*

Defendant agrees to waive indictment and plead guilty to the Information, charging a single violation of 18 U.S.C. § 641 (2012), theft of government funds.

Defendant also agrees to pay $74,748 in restitution to the Social Security Administration and $354,706.46 in restitution to the Office of Personnel Management (OPM) (for a total restitution judgment of $429,454.46). Defendant shall pay at least $7500 of this amount ($1305.40 to the Social Security Administration and $6194.60 to the OPM) prior to sentencing.

Finally, Defendant agrees to waive her appeal rights, as set forth below.

Court's Exhibit

1

2. *The Government's Obligations*

The United States agrees, under Fed. R. Crim. P. 11(c)(1)(A), that it will not prosecute Defendant for any other crimes of which the U.S. Attorney's Office for the District of Colorado was aware at the time the Information was filed in this case, except that this term shall not apply to any prosecution under the Internal Revenue Code.

The United States also agrees, under Rule 11(c)(1)(B), that it will not request a sentence of imprisonment greater than fifteen months.

Finally, the United States agrees, under Rule 11(c)(1)(B), that Defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty. The government will therefore move for a one-level decrease under U.S. Sentencing Guidelines Manual § 3E1.1(b) (U.S. Sentencing Comm'n 2018), provided that Defendant does nothing inconsistent with accepting responsibility between pleading guilty and sentencing.

3. *Defendant's Waiver of Appeal*

Defendant is aware that 18 U.S.C. § 3742 (2012) affords her the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15, or (3) the government appeals the sentence imposed. If any of these three criteria apply, Defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Defendant also knowingly and voluntarily waives the right to challenge this

prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255 (2012)). This waiver provision does not prevent Defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) she should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute, (2) she was deprived of the effective assistance of counsel, or (3) she was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

(1) money or property taken by Defendant belonged to the United States; and
(2) Defendant stole such property intending to put it to her own use or the use of another, or took the property knowing it was not hers and intending to deprive the owner of the use or benefit of the property.

See 10th Cir. Crim. Pattern Jury Inst. 2.31.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of § 641 is: not more than ten years' imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and full restitution (which the parties have stipulated is $429,454.46, as apportioned above).

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that Defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553 (2012), additional facts may be included below that are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and that are relevant to the Court's guideline computations, to other § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is December 27, 2006.

The parties agree as follows:

Defendant's father died on December 27, 2006. At the time he died, he was receiving a civil service pension from the federal government. He was also receiving Social Security retirement benefits. Defendant's father was a widower, and there was no other person entitled to survivor benefits under either the civil service retirement system (CSRS) or Social Security. Therefore, benefit payments should have ceased. However, neither the Social Security Administration nor the OPM (which administers the CSRS) was notified of the death, so monthly payments continued.

Defendant's father's benefits were paid via direct deposit into a bank account which he and Defendant held together. When her father died, Defendant did not remove

Page | 4

him from the account. Rather, she frequently signed her deceased father's name on checks through at least October 2017. This included large checks to herself, which she wrote and signed in what purported to be her father's hand, and then endorsed on the back with her own signature. Also, Defendant occasionally paid a home mortgage from the account via electronic withdrawal.

At the time Defendant's father died, $573/month in Social Security benefits and $2517.44 in pension funds were being deposited into the account. When the benefits were finally shut off in late 2018, these amounts had increased to $601/month for Social Security and $2836.69/month for the pension. Defendant took and spent nearly all of this money--$429,454.46 by the time she was done.

During the course of her crime, Defendant did not make any false statements to the Social Security Administration or the OPM. Nor did she make substantial efforts to conceal her father's death beyond continuing to sign his name on checks. Nonetheless, she took the money from the account, knowing it was not hers and intending to put it to her own use.

## VI. ADVISORY GUIDELINE COMPUTATION AND § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the U.S. Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the U.S. Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters that are in dispute.

The guideline calculation below is the good-faith estimate of the parties, but it is

only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may make legal or factual arguments that affect the estimate below.

A. The base guideline is U.S. Sentencing Guidelines Manual § 2B1.1 (U.S. Sentencing Comm'n 2018), with a base offense level of 6.

B. The loss amount (more than $250,000 but less than $550,000) adds an additional twelve levels.

C. There are no victim-related, role-in-offense, obstruction, or multiple-count adjustments.

D. The adjusted offense level therefore would be 18.

E. The parties agree that a two-level decrease for acceptance of responsibility would be appropriate under *id.* § 3E1.1(a), presuming Defendant does nothing inconsistent with accepting responsibility between pleading guilty and sentencing. Subject to the same condition, the United States anticipates requesting an additional one-level decrease under *id.* § 3E1.1(b). The resulting offense level therefore would be 15.

F. The parties understand that Defendant's criminal history computation is tentative. The criminal history category will be determined by the Court based on Defendant's prior convictions. Based on information currently available to the parties, it is estimated that Defendant's criminal history category would be Category I.

G. The career offender, criminal livelihood, and armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is eighteen to

twenty-four months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from eighteen months (bottom of Category I) to fifty-one months (top of Category VI). The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

I. Pursuant to *id.* § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $7500 to $75,000, plus applicable interest and penalties.

J. Pursuant to *id.* § 5D1.2, if the Court imposes a term of supervised release, that term is at least one year, but not more than three years.

K. *Id.* § 5E1.1(a)(1) advises the court to "enter a restitution order for the full amount of the victim's loss" as authorized by 18 U.S.C. §§ 3663 and 3663A (2012). The parties have agreed that amount is $429,454.46, to be apportioned $74,748 to the Social Security Administration and $354,706.46 to the OPM.

The parties understand that although the Court will consider their estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on

other § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor Defendant has relied or is relying on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 1/16/20

Kathleen McCalib
Defendant

Date: 1/16/20

Marc Milavitz
Attorney for Defendant

Date: 1/14/20

Daniel E. Burrows
Special Assistant U.S. Attorney